

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JIMMY LEE SWEED, | § | |
| Appellant, | § | No. 08-16-00107-CV |
| | § | |
| v. | § | Appeal from |
| | § | |
| JAY L. NYE, JAIME ESPARZA, | | 243rd District Court |
| DISTRICT ATTORNEY OF EL PASO | § | |
| COUNTY, TEXAS, EL PASO COUNTY | | of El Paso County, Texas |
| DISTRICT ATTORNEY'S OFFICE, | § | |
| THE STATE OF TEXAS, AND | | (TC # 2005-5667) |
| THE ATTORNEY GENERAL OFICE OF | § | |
| THE STATE OF TEXAS, | | |
| | § | |
| Appellees. | § | |
| | § | |

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. This is the second appeal taken by Appellant from the same judgment. Finding that there is no separately appealable order, we dismiss the appeal for want of jurisdiction.

The jurisdictional issue before us has made it necessary to review the publicly-available records in cause number 2005-5667. An appellate court has the discretion to take judicial notice

on its own motion of adjudicative facts that are matters of public record. *See* TEX.R.EVID. 201(b), (c); *see In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex.App.--El Paso 2014, pet. denied). The trial court dismissed the case on March 25, 2013, and the records of the case do not show that the trial court entered a written ruling on Appellant's motion to reinstate. Consequently, the motion to reinstate was overruled by operation of law on June 8, 2013. *See* TEX.R.CIV.P. 165a(3). Appellant's notice of appeal was due to be filed on June 23, 2013. *See* 26.1(a)(3)(notice of appeal must be filed within 90 days after the judgment is signed if any party timely files a motion to reinstate under Rule 165a). Because Appellant did not file his notice of appeal until March 18, 2016, we dismissed the appeal in cause number 08-16-00047-CV.[1] *See Sweed v. Nye*, No. 08-16-00047-CV, 2016 WL 1465123 (Tex.App.--El Paso April 13, 2016, no pet. h.). After filing an untimely motion for rehearing, Appellant filed a second notice of appeal in cause number 2005-5667. The notice of appeal indicates that Appellant is attempting to challenge the trial court's ruling on his motion to reinstate. On June 1, 2016, we gave Appellant notice of our intent to dismiss the appeal for lack of jurisdiction, and he filed a response stating that he is attempting to appeal the trial court's failure to enter a written ruling on the motion to reinstate.

Appellant's response reflects a misunderstanding of Rule 165a of the Texas Rules of Civil Procedure. Under Rule 165a, a motion to reinstate is overruled by operation of law if it is not decided by signed written order within seventy-five days after the judgment is signed. *See* TEX.R.APP.P. 165a(3). Any challenge to the overruling of Appellant's motion to reinstate had to be raised in cause number 08-16-00047-CV, and the ruling is not separately appealable.

---

[1] We inaccurately stated in the opinion that Appellant filed his notice of appeal more than three years after the due date. Appellant filed his notice of appeal almost three years after the trial court dismissed the case, and more than thirty-two months after the deadline for filing notice of appeal.

Appellant is not entitled to a "second bite at the apple" by filing another notice of appeal. We dismiss the appeal for want of jurisdiction.

August 24, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.